UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BROOKS,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 2:15-cv-01536-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms defendant's decision to deny benefits.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits alleging he became disabled beginning January 13, 2014. Dkt. 6, Administrative Record (AR) 13. That application was denied on initial administrative review and on reconsideration. *Id.* At a hearing held before an Administrative Law Judge (ALJ) plaintiff appeared and testified, as did a vocational expert. AR 33-73.

In a written decision, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy and therefore that she was not disabled. AR 13-27. The Appeals Council denied plaintiff's request for review of that decision, making it the final

ORDER - 1

decision of the Commissioner, which plaintiff then appealed to this Court. AR 1; 20 C.F.R. § 404.981; Dkt. 1.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in failing to give proper weight to a disability rating decision issued by the Veterans Administration (VA). For the reasons set forth below, the Court disagrees that the ALJ erred as alleged, and therefore affirms the decision to deny benefits.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one

ORDER - 2

rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The record contains a VA disability rating decision (AR 260-68), with respect to which the ALJ found:

> The claimant received a 100 percent VA disability rating decision in October 2009, based on the following: psychiatric conditions including depression, anxiety and [posttraumatic stress disorder] were increased to 70 percent disabling; cubital tunnel syndrome was 30 percent plus another 10 percent; eczema was 30 percent; and migraine was 30 percent (1F2).
>
> I give reduced weight to the rating decision. First, it was issued in 2009 and is based on evidence no more recent than June 2009. Subsequent evidence and the claimant's activities do not support a finding that she is disabled, at least under Social Security standards. Second, the disability criteria for Social Security differs from VA criteria. Third, the decision includes a 30 percent disabling impairment of cubital tunnel syndrome, an impairment that is nonsevere based on the evidence in the record before me. Fourth, the claimant's mental status examination findings on a longitudinal basis are less severe than the findings described in the rating decision. According to the rating decision, the claimant had "near continuously" depressed mood, panic attacks more than once weekly, impaired concentration, suicidal ideation, and obsessional rituals "severe enough to interfere with routine activities" (1F3). Aside from the claimant's anomalous presentation to Dr. [Carl] Epp[, Ph.D.], her mental status findings in the evidence of record have been relatively normal.

AR 25. Plaintiff argues these are not valid reasons for discounting the VA disability rating decision. The Court disagrees.

Although a determination by the VA about whether a claimant is disabled is not binding on the Social Security Administration, an ALJ must consider that determination in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of

ORDER - 3

disability." *McCartey*, 298 F.3d at 1076. This is because of "the marked similarity" between the two federal disability programs:

> Both programs serve the same governmental purpose--providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. . . . Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

*Id.* However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). Here, the ALJ did so.

Plaintiff takes issue with the ALJ in discounting the VA disability rating decision because it was based on evidence no more recent than June 2009, and subsequent evidence, as well as plaintiff's activities, do not support that rating. Specifically, plaintiff asserts "the ALJ's assertion that the VA's decision is based on evidence gong back only to 2009 is demonstrably false" – since that decision references "Skagit Valley Medical Center treatment records for the period from July 2008 through April 2009" – "and so is not based on substantial evidence." Dkt. 12, p. 4. But as noted above, the ALJ found the rating decision was based on medical evidence *no more recent than* June 2009, not *going back only to* that time period.

The ALJ, furthermore, correctly determined that the medical evidence in the record for the relevant time period – i.e. subsequent to the alleged onset date of disability – concerning plaintiff's mental and physical impairments overall fails to show the level of disability the VA

ORDER - 4

rating decision assessed. *See* AR 277, 281-428, 464-65, 473-75, 484-87, 501-03, 506, 519-20, 536-37, 539, 542, 545-47, 550, 552-56, 558, 561-67, 570-85, 588-98, 601-03, 614, 651-52, 697, 700, 702-20[1]; *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (finding the ALJ properly rejected the VA's disability determination on the basis that it "was not based on a comprehensive evaluation of the evidence available to" the ALJ).

Plaintiff goes on to assert that "the ALJ's claim that the VA decision was based on insufficient evidence is not supported," because none of the evidence the VA relied on is in the record, and thus the ALJ had "no way of knowing how adequate the VA's evidence was," since the ALJ never saw or considered that evidence. Dkt. 12, p. 4. But as just discussed, the ALJ did not find the evidence the VA relied on was *insufficient*, but rather the more recent evidence for the relevant time period warranted giving less weight to the VA's decision. For the same reason, the Court rejects plaintiff's argument that the ALJ was duty bound to obtain the medical records on which the VA purportedly based its decision.

As for the ALJ's reliance on plaintiff's activities, plaintiff argues "the problem with this rationale is that virtually all of the evidence" concerning those activities is more recent than the VA's rating decision. Dkt. 12, p. 5. Again, though, this is the relevant time period, and therefore for the same reasons discussed above with respect to the medical evidence, the ALJ did not err in relying on the evidence of plaintiff's activities in the record. Moreover, that evidence reveals that overall plaintiff is far more active than a 100% finding of disability would indicate. *See* AR 284,

---

[1] Plaintiff argues the ALJ failed to cite any specific medical evidence in support of his determination. But the ALJ did provide a detailed summary of that evidence in the pages of his decision immediately prior to that determination. AR 22-25. Given that the ALJ may resolve questions of credibility and conflicts in the evidence "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings," as well as draw inferences "logically flowing from the evidence" – and that the Court itself may draw "specific and legitimate inferences from the ALJ's opinion" – the ALJ's treatment of the VA's rating decision in this case was appropriate. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)

ORDER - 5

289, 293, 296-97, 299-305, 309, 313-14, 319, 325, 334, 336, 338-39, 341, 343, 345, 349-53, 376, 379, 382, 387, 392, 396, 405, 423, 473, 626, 712, 716, 718. Accordingly, while the Court does agree the ALJ erred in discounting the VA's rating decision for the reason that its and the SSA's disability criteria differ, he still provided other, valid reasons for doing so.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

DATED this 23rd day of September, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6